UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| DAVID W. TAYLOR, ) | |
| ) | Case No. 1:09-cr-13; 1:16-cv-233 |
| *Petitioner*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge H. Bruce Guyton |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Respondent*. ) | |

**MEMORANDUM OPINION**

Before the Court is David Taylor's ("Petitioner") "Motion for Emergency Relief from Void Judgment" (Doc. 100),[1] filed on April 26, 2018, which seeks relief from Petitioner's sentence. Petitioner's motion alleges "lack of Jurisdiction, Structural Error, violation of Due Process, and Fraud upon the Court." (Doc. 100, at 1.) For the reasons that follow, the Clerk will be **DIRECTED** to **TRANSFER** Petitioner's filing (Doc. 100) to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner's remaining motions (Docs. 106, 110, 111) will accordingly be **DENIED AS MOOT**.

**I.    BACKGROUND**

In 2009, this Court sentenced Petitioner to a total of 206 months' imprisonment after he pleaded guilty to a bank robbery committed while on supervised release. (Doc. 20.) The Sixth Circuit affirmed the judgment. (Doc. 39.) Petitioner filed for post-conviction relief pursuant to

---
[1] Each document will be identified by the Court File Number assigned to it in the underlying criminal case: E.D. Tenn. Case No. 1:09-cr-13-TRM-HBG-1.

28 U.S.C. § 2255 on March 26, 2012. (Doc. 46.) This Court denied relief in 2015, concluding that none of the grounds asserted in Petitioner's original petition provided a viable basis for granting the requested collateral relief. (Docs. 75, 76.) Petitioner sought to appeal that determination, but the Sixth Circuit denied a certificate of appealability. (Doc. 86.)

In 2016, Petitioner submitted a "motion to vacate" (Doc. 90), attacking the same conviction. This Court construed the motion as a successive § 2255 petition and accordingly transferred the filing (Doc. 90) to the Sixth Circuit pursuant to 28 U.S.C. § 1631. (Doc. 91.) The Sixth Circuit denied authorization to file a successive § 2255 motion. (Doc. 99.)

On April 26, 2018, Petitioner filed a petition styled as a "Motion for Emergency Relief from Void Judgment." (Doc. 100.) The government responded on June 5, 2018. (Doc. 107.) Petitioner replied to the government's response on June 18, 2018. (Doc. 109.) Petitioner's motion (Doc. 100) is now ripe for the Court's review.

## II. STANDARD OF LAW

A § 2255 motion is "normally the exclusive way for federal prisoners to collaterally attack their convictions" or sentences as unconstitutional. *Brice v. Snyder*, 82 F. App'x 444, 446 (6th Cir. 2003); *see Capaldi v. Pontesso*, 135 F.3d 1122, 1123–24 (6th Cir. 1998) (explaining that, where a Petitioner alleges that his sentence violates the Constitution or laws of the United States or alleges that the district court lacked jurisdiction, relief should be sought via "an application under § 2255"); *see also United States v. Melton*, 359 F.3d 855, 857 (7th Cir. 2004) (emphasis in original; internal citations omitted) ("Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 . . . *is* a motion under § 2255, no matter what title [is] plaster[ed] on the cover.").

Although Federal Rule of Civil Procedure 60(b)(4) authorizes a court to relieve a party from a void judgment, the Sixth Circuit has held that Rule 60 does not permit relief from criminal proceedings. *United States v. Moon*, 527 F. App'x 473, 474 (6th Cir. 2013) (citing *United States v. Gibson,* 424 F. App'x 461, 464 (6th Cir. 2011); *United States v. Bender,* 96 F. App'x 344, 345 (6th Cir. 2004)) (holding that a Rule 60 motion is proper to challenge a § 2255 judgment but not the underlying criminal proceeding).

### III. ANALYSIS

Petitioner argues that his filing (Doc. 100) is a motion under Federal Rule of Civil Procedure 60 rather than a § 2255 petition. (Doc. 100, at 2.) First, Petitioner argues that the judgment against him is void pursuant to Rule 60(b)(4), challenging federal jurisdiction over his crime.[2] (*Id.* at 1.) Petitioner also claims "fraud on the court," Fed. R. Civ. P. Rule 60(d)(3), as grounds for his motion, but refers back to his allegation of lack of federal jurisdiction. Lastly, Petitioner's motion alleges ineffective assistance of counsel, (Doc. 8.), which he also asserted in his previous §2255 petitions. (Doc. 33, at 4; Doc. 46, at 4.)

However, a Rule 60 motion is not a proper vehicle to attack a judgment in a criminal case. *United States v. Moon*, 527 F. App'x at 474. Because Petitioner attacks the validity of his sentence by alleging that the judgment against him violated the Constitution or laws of the United States, the Court construes this motion as a successive petition to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255. *See Capaldi*, 135 F.3d at 1123–24.

Under the "Antiterrorism and Effective Death Penalty Act of 1996," Petitioner cannot file a second or successive § 2255 petition in the district court until he has moved in the United States Court of Appeals for the Sixth Circuit for an order authorizing the district court to

---

[2] Petitioner pleaded guilty to bank robbery in violation of 18 U.S.C. § 2113(a). (Docs. 18, 20.)

consider the motion. 28 U.S.C. § 2255(h). No such order has been received by this Court. Accordingly, Petitioner's filing will be transferred to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

## IV. CONCLUSION

For the reasons above, the Clerk is **DIRECTED** to **TRANSFER** the filings (Docs. 100, 106) to the United States Court of Appeals for the Sixth Circuit. Petitioner's remaining motions (Docs. 106, 110, 111) are accordingly **DENIED AS MOOT**.

Should Petitioner give timely notice of an appeal from this Order, such notice will be treated as an application for a certificate of appealability, which is hereby **DENIED** since he has failed to make a substantial showing of the denial of a constitutional right or to present a question of some substance about which reasonable jurists could differ. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Additionally, the Court has reviewed this case pursuant to Rule 24 of the Federal Rules of Appellate Procedure and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal is **DENIED**. *See* Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/*Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

4